IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 6:13-cr-10136-JTM-1

MICHAEL FRANCO,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on a motion characterized by defendant Michael Franco as one "for Leave to Modify Terms of Restitution Order." Dkt. 45. He has also filed a motion to proceed *in forma pauperis*. Dkt. 46. For the reasons set forth herein, the court finds that the motions should be denied.

**I. Background.**

Franco entered a plea of guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341, and one count of transportation of stolen goods in interstate commerce, in violation of 18 U.S.C. § 2314. His scheme essentially involved swindling an elderly victim out of a valuable currency and coin collection by giving her a phony cashier's check. Franco entered into a plea agreement with the government in which, among other things, he "agrees to make restitution to [the victim] in the amount of $125,000." Dkt. 28 at 5. He also "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with … the components of the sentence to

be imposed," and also "waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28 U.S.C. § 2255," except for a challenge involving ineffective assistance of counsel. Id. at 7-8.

The Presentence Report noted that restitution of $125,000 was to be ordered, pursuant to both 18 U.S.C. § 3663A and the guidelines. Dkt. 31 at 20. Neither party filed any objections to the Presentence Report. On January 12, 2015, the court sentenced defendant to 18 months imprisonment, a three-year term of supervised release, a $200 special assessment, and $125,000 in restitution. Dkt. 43. The court ordered payment of restitution to begin immediately, with payment of not less than ten percent of the funds deposited in defendant's inmate trust fund account, and, following release, monthly installments of not less than five percent of defendant's monthly gross income over a period of three years. Id. at 6.

No direct appeal was taken from the judgment. On April 8, 2016, defendant filed the aforementioned motion to modify the terms of his restitution order, together with a motion to proceed in forma pauperis. Dkts. 45, 46. The motion to modify states that it is filed "pursuant to 18 U.S.C. § 3664(f) and (k)." Dkt. 45 at 1. In the motion, defendant argues that the restitution order violates his constitutional rights to due process and equal protection because: "he is forced to pay more than he is able to pay;" it is "manifestly disproportionate when compared to his unindicted co-defendant;" the actual amount of the victim's loss was never determined; and he is insolvent. Id. at 3. Elsewhere, he argues that his "economic circumstances have materially changed"

because after he is released he "will have to find new employment while facing the difficulties of being a convicted felon." *Id*. at 7. Defendant asks the court to modify the restitution order to either $0, $15,000, $62,500, or an amount the court deems necessary. *Id*. at 10.

**II. Discussion**.

Section 3664(k) allows the court to adjust a restitution payment schedule when there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." Defendant has cited no evidence that his economic circumstances have materially changed since sentencing. *See United States v. Broadus*, No. 3:10-cr-183-B, 2014 WL 4060048, *1 (N.D. Tex., Aug. 15, 2014) ("Defendant bears the burden to prove that [his] circumstances have changed enough to warrant a modification."). Defendant's speculation that he *might* have difficulty finding a job *once he is released* does not qualify as a change – material or otherwise – and does not justify any change in the current payment schedule. Accordingly, the court concludes that defendant's motion to modify the restitution order should be denied.

The bulk of defendant's motion has nothing to do with changed economic circumstances. Rather, it complains that the order of restitution was improperly imposed by the court in the first place. Such allegations might be viewed as attempts to collaterally challenge the sentence under 28 U.S.C. § 2255.[1] The court declines to recharacterize the motion as one under § 2255, however, given that defendant has

---

[1] Some courts have held that neither § 2241 or § 2255 can be used to attack a restitution order, reasoning that those remedies can only be used to seek release from, or attack the duration of, custody. *United States v. Shaw*, 508 Fed.Appx. 769, 2013 WL 264592, **3 (10th Cir. 2013) . The question remains unsettled in the Tenth Circuit. *Id*.

chosen not to consider it as such,[2] and because doing so might be detrimental to defendant. *Cf. Castro v. United States*, 540 U.S. 375, 377 (2003). *See also United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (district court's decision not to construe motion as one under § 2255 was not abuse of discretion). And for the reasons set forth previously, defendant's motion provides no grounds for relief under § 3664(k).

Finally, although defendant has filed a motion to proceed *in forma pauperis*, the filing of a motion for modification under § 3664(k) does not require the payment of a filing fee. Accordingly, the motion will be denied as moot.

**IT IS THEREFORE ORDERED** this 18th day of May, 2016, that defendant's "Motion to Modify Terms of Restitution Order" (Dkt. 45) and "Motion for Leave to Proceed In Forma Pauperis" (Dkt. 46) are DENIED.

                                        s/ J. Thomas Marten
                                        J. THOMAS MARTEN, JUDGE

---

[2] Defendant's motion invokes § 3664(k) and does not invoke § 2255. It notes that "[n]either a direct appeal nor a timely habeas corpus proceeding under 28 U.S.C. § 2255 were filed in this case." Dkt. 45 at 2.